## S. W. D. STONE *v.* JOHN LASLEY et al.

**Final Judgment.**
    A judgment is final and conclusive until reversed on appeal.

APPEAL FROM LARUE CIRCUIT COURT.

February 23, 1866.

The court being sufficiently advised delivered the following opinion, to-wit:

The judgment exhibited and relied on by each party in this controversy to support his own claim or invalidate that of his adversary stand unreserved, and are now irreversible for any imputed error or irregularity. And no one of them can be adjudged void, to any extent, for want of jurisdiction, nor voidable

for alleged but unproved fraud. This court cannot revise any of them.

This judicial deduction disposes of most of the questions revised and discussed in this action of ejectment brought by the appellant, Stone, against the appellees, Lasley and Walters, claiming under and defended by Southerland.

Nor can any of the sales under execution be now incidentally invalidated for irregularity or indefiniteness.

Then the Circuit Court having by judgment rendered before the institution of this suit decided, first, that the lands now in contest were embraced by the mortgage to Brown by Judian Walters. Second, that the mortgage had not been satisfied in Brown's lifetime. Third, that Churchill had before the date of the mortgage sold to second Walters the 134 acres and the 102 acres to which the parties in this action had conflicting titles, that Churchill had been paid by Walters the entire consideration, and that the sale was never actually rescinded, and fourth, that Southerland's purchase under execution against Reid's heirs was not void. None of these matters are now cognizable or tangible by this court in this case.

The conclusion relieves the case of a multitude of embarrassing questions agitated in the argument. It leaves the titles of Southerland and Churchill as purchasers under Reid equally as questionable under the validity of Jed Walters' purchase from Churchill, and that also of the appellant's title under Walters, and shows that all those titles cover to some extent the 134 acres and also the 102 acres bought by the appellant at the last decretal sale under the mortgage. And, therefore, as to those two tracts the only judicial question involves merely the relative extent and superiority of these conflicting titles of Southerland and Walker.

It is quite clear that Southerland's elder purchase embraced only ten-twelfths and Churchill's junior purchase extended only to the residual two-twelfths undivided.

Had there been no other subpurchase than that of the appellant such an equitable partition might be made as to allot to him the entire tracts of 134 and 102 acres.

But in any equitable interallotment his adversary subpurchaser and bidder under Southerland have equal rights conflicting with that equity. Consequently as this court cannot discriminate in this respect between the conflicting claimants, justice allots to the appellant two-twelfths and no more of these two tracts.

As to the remaining tract of thirty-four acres designated on the connected plat by the figures 4, 2, 7, 8, we are of opinion that the line IT is one of the boundaries of said Walters' home tract, and consequently that the said tract of about thirty-four acres was embraced by his mortgage; that southerland's purchase never embraced it; he has the exclusive right to it, and the appellee Lasley's possession of it without title is tortious.

Wherefore, this action having been transferred into equity, the Circuit Court erred in dismissing the appellants. Petition in ejectment. Wherefore, the judgment in favor of Lasley and that also in favor of Southerland and Walters are both reversed, and the cause remanded, with instructions to render a judgment in the appellant's favor for the whole of the tract of land bounded by the figures 4, 2, 7, 8, and also for two undivided twelfth parts of the tract of 134 acres and the tract of 102 acres.